JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
William Richardson

**DEFENDANTS**
Federal Express Corporation

**(b)** County of Residence of First Listed Plaintiff: District of Columbi
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Shelby County, TN
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Alan Lescht, Alan Lescht & Associates, PC, 1050 17th Street, NW, Ste 220, Washington, D.C., 20036, 202-463-6036

Attorneys (If Known)
Edward J. Efkeman, Federal Express Corp., 3620 Hacks Cross Rd, Memphis, TN 38125, 901-434-8555

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332 Diversity
Brief description of cause:
Disability discrimination in employment.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 300,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 11/19/2007
SIGNATURE OF ATTORNEY OF RECORD: [signature] DC Bar No 479545

**FOR OFFICE USE ONLY**
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

FILED
NOV 20 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM RICHARDSON<br>2145 30th Street, NW<br>Washington, DC 20018,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION<br>3600 Hacks Cross Road<br>Memphis, TN 38125,<br><br>Defendant. | Case: 1:07-cv-02133<br>Assigned To : Roberts, Richard W.<br>Assign. Date : 11/20/2007<br>Description: Civil Rights-Non-Employ.<br><br>Case No. _____ |

JURY ACTION

## NOTICE OF REMOVAL

Defendant Federal Express Corporation ("FedEx"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, files the instant Notice of Removal in the above-captioned matter, and in support, states the following:

1. On or about November 1, 2007, FedEx received a Complaint brought by Plaintiff William Richardson against FedEx in the Superior Court of the District of Columbia, Civil Division. This action is entitled *William Richardson v. Federal Express Corporation,* Civ. Action No. 2007 CA 006845 B, (hereinafter "State Court Action"). Copies of all documents served upon FedEx in this matter—the Summons, Complaint, and the Initial Order—are attached hereto as Exhibit A.

2. The single count in the Complaint is an alleged violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (Complaint ¶ 1)

3. In the State Court Action, Plaintiff claims to be a resident of the District of Columbia. (Complaint at ¶ 2). FedEx is a corporation incorporated in Delaware with its principal place of business in Memphis, Tennessee. The place of incorporation and the principal place of business apply both to the time of the events made the basis of this suit and to the time of removal.

4. Plaintiff seeks damages in the amount of $300,000.00 (Complaint Prayer for Relief). Plaintiff also seeks to recover attorneys' fees.

5. This Court has original subject matter jurisdiction over Plaintiff's claim of a violation of federal statute pursuant to 28 U.S.C. § 1331. This Court also has independent jurisdiction over Plaintiff's claim based upon diversity of citizenship under 28 U.S.C. § 1332(a) and (d). Therefore, this suit may be removed to this Court by FedEx pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

6. This Notice is timely brought. Service upon FedEx occurred on or about November 1, 2007. Therefore, pursuant to 28 U.S.C. § 1446(b), this Notice is being filed within thirty days after receipt of a copy of the initial pleading setting forth the Plaintiff's claims.

7. Removal venue is appropriate because the District of Columbia embraces the place where the State Court Action is pending.

**[REST OF PAGE INTENTIONALLY LEFT BLANK]**

8.  Contemporaneous with the filing of this Notice, FedEx has given the Superior Court of the District of Columbia written notice of the removal.

DATED this 20th of November 2007.

Respectfully submitted,

*[signature]*

Edward J. Efkeman, D.C. Bar No. 479545
Federal Express Corporation
3620 Hacks Cross Road, Bldg. B, 3rd Fl.
Memphis, TN 38125
(901) 434-8885 Telephone
(901) 434-4523 Fax

Trevor S. Blake, D.C. Bar No. 974319
Venable LLP
575 7th Street, NW
Washington, DC 20004
(202) 344-8040 Telephone
(202) 344-8300 Fax

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 20th day of November 2007, a true and correct copy of the foregoing Notice of Filing Notice of Removal has been served, via first-class U.S. Mail with postage prepaid, upon Plaintiff's counsel identified below:

    Alan Lescht, Esquire
    1050 17th Street, N.W.
    Suite 220
    Washington, D.C. 20036

Dated this 20th day November 2007.

                Trevor S. Blake

# EXHIBIT A

Case 1:07-cv-02133-RWR-JMF   Document 1-3   Filed 11/30/2007   Page 5 of 12

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

William Richardson
2145 30th St, NE
Wash., DC 20019

*Plaintiff*

vs.   Civil Action No. 0008345-07

Federal Express Corporation
3600 Hacks Cross Rd, Bldg F
Memphis, TN 38125   *Defendant*

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Alan Lescht, Esq.
Alan Lescht & Assoc, PC
Name of Plaintiff's Attorney

1050 17th St, NW, Suite 220
Wash., DC 20036
Address

202-463-6036

Telephone

By _____

Date  Oct 11, 2007

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

07 2133

**FILED**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

NOV 20 2007

CV(6)-456/May 03

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| William Richardson | * | Civ. Action No. 0006845-07 |
| 2145 30th St., NE | * | |
| Wash., DC 20018 | * | JURY TRIAL DEMANDED |
| | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| Federal Express Corporation | * | |
| 3600 Hacks Cross Rd., Bldg. F | * | |
| Memphis, TN 38125 | * | |
| | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RECEIVED
Civil Clerk's Office
OCT 1 1 2007
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT

Plaintiff William Richardson, by counsel, complains of the Defendant as follows:

### JURISDICTION AND VENUE

1. This action alleges that defendant violated the Americans with Disabilities Act.

2. Personal jurisdiction and venue are proper because Defendant formerly employed Plaintiff in the District of Columbia, Plaintiff resides here, and the alleged unlawful acts took place here. This action was filed within 90-days after Plaintiff received his right to sue letter from the EEOC.

### THE PARTIES

3. Plaintiff William Richardson resides at 2145 30th St., NE, Wash., DC.

4. On information and belief, defendant Federal Express Corporation is a corporation that has its principal place of business in Tennessee, employs more than 100 people, and formerly employed Plaintiff in the District of Columbia.

### FACTS

5. Plaintiff was formerly employed by defendant as a carrier between 1991 and August 2004.

6. During his employment and after suffering an injury on the job, Plaintiff was rendered

disabled within the meaning of the federal Americans with Disabilities Act because he suffers from a permanent physical impairment that substantially limits one or more of his major life activities including walking, standing, bending, lifting.

7. After becoming disabled, Plaintiff requested that he receive a reasonable accommodation in the form of reassignment to a vacant job which he could perform.

8. Defendant denied Plaintiff's request for accommodation and terminated his employment in or about January 2006.

9. Plaintiff has sustained damages as a result of the foregoing unlawful acts consisting of lost pay, front pay, lost benefits, emotional distress, mental anguish, pain and suffering, and inconvenience.

## COUNT 1

10. Plaintiff repeats and realleges the allegations contained in paragraphs 1-9 as if more fully set forth herein.

11. By and through its conduct, Defendant violated the federal Americans with Disabilities Act by denying Plaintiff reasonable accommodations.

12. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment on Count 1 and damages in the amount of $300,000, or such other amount as the jury determines should be awarded, consisting of back-pay, front-pay, lost benefits, compensatory damages for emotional distress, pain and suffering, inconvenience, mental anguish, punitive damages, reasonable attorney's fees and such other relief as the Court deems just and fair.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all counts.

Date:    October 11, 2007
         Washington, D.C.

2

Alan Lescht & Associates, P.C.

By: _____
    Alan Lescht
D.C. Bar No. 441691
1050 17th Street, N.W. Suite 220
Washington, D.C. 20036
(202) 463-6036
Attorneys for Plaintiff



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

WILLIAM RICHARDSON
Vs.
FEDERAL EXPRESS CORPORATION

C.A. No. 2007 CA 006845 B

LITIGATION/
SUBPOENA GROUP

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge RONNA L BECK
Date:   October 11, 2007
Initial Conference: 9:30 am, Friday, January 25, 2008
Location:  Courtroom 518
           500 Indiana Avenue N.W.
           WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

**CT CORPORATION**
A WoltersKluwer Company



RECEIVED
NOV - 7 2007
Cynthia J. Collins
Managing Director Litigation

**Service of Process Transmittal**
11/01/2007
CT Log Number 512747108



LITIGATION/
SUBPOENA GROUP

RECEIVED
NOV 6 2007
RISK MANAGEMENT

**TO:** Tracey Wheatley
Federal Express Corporation
3620 Hacks Cross Road, Third Floor
Building B
Memphis, TN 38125-

**RE:** **Process Served in District of Columbia**

**FOR:** Federal Express Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | William Richardson, Pltf. vs. Federal Express Corporation, Dft. |
| **DOCUMENT(S) SERVED:** | Initial Order, Addendum, Summons, Complaint |
| **COURT/AGENCY:** | Superior Court - Civil Division, DC<br>Case # 0006845-07 |
| **NATURE OF ACTION:** | Employee Litigation - Personal Injury - Seeking $300,000.00 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/01/2007 postmarked on 10/30/2007 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Alan Lescht<br>Alan Lescht & Assoc, PC<br>1050 17th Street, NW<br>Suite 220<br>Washington, DC 20036<br>202-463-6036 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight , 791425012723<br>Image SOP - Page(s): 8<br>Email Notification, Dwayne S Byrd dsbyrd@fedex.com<br>Email Notification, Cynthia Collins cjcollins@fedex.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>Mark Diffenbaugh<br>1015 15th Street, N.W.<br>Suite 1000<br>Washington, DC 20005<br>202-572-3133 |

Page 1 of 1 / LL

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_William Richardson_
Plaintiff

v.                                Civil Action No.  **07 2133**

**NOV 26 2007**

_Federal Express Corporation_
Defendant

The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge **ROBERTS, J. RWR**. All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _Maureen Kerrigan_
      Deputy Clerk

cc:  _Alan Lescht_

929A
Rev. 7/02