IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**WILLIAM RICHARDSON,**

    Plaintiff,

v.                               Case No. 1:07-cv-02133-RWR

**FEDERAL EXPRESS CORPORATION,**

    Defendant.

## ANSWER

Defendant Federal Express Corporation ("FedEx"), files the following answer to Plaintiff William Richardson's Complaint.

### JURISDICTION AND VENUE

1. FedEx admits that Plaintiff asserts violations of the Americans with Disabilities Act ("ADA"), but FedEx denies that its conduct violated any provision of the ADA. In all other respects, FedEx denies the allegations of Paragraph 1 of Plaintiff's Complaint, and demands strict proof thereof.

2. FedEx admits that it formerly employed Plaintiff at a location in the District of Columbia. FedEx is without sufficient information to admit or deny any other allegations of Paragraph 2 of Plaintiff's Complaint, and thus denies the same and demands strict proof thereof.

### THE PARTIES

3. FedEx is without sufficient information to admit or deny the allegations of Paragraph 3 of Plaintiff's Complaint, and thus denies the same and demands strict proof thereof.

4. FedEx admits the allegations of Paragraph 4 of Plaintiff's Complaint.

## FACTS

5. FedEx admits that it employed Plaintiff as a courier from 1991 to 2005.

6. FedEx denies the allegations of Paragraph 6.

7. FedEx denies the allegations of Paragraph 7.

8. FedEx denies the allegations of Paragraph 8.

9. FedEx denies the allegations of Paragraph 9.

## COUNT I

10. FedEx adopts and incorporates by reference its responses to paragraphs 1-9 of the Complaint.

11. FedEx denies the allegations of Paragraph 11.

12. FedEx admits that Plaintiff has requested a trial by jury.

WHEREFORE, FedEx denies that Plaintiff is entitled to any of the relief that he seeks.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Defendant's actions with respect to Plaintiff were based upon legitimate, non-discriminatory factors.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff failed to fulfill conditions and/or terms of his employment.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred, in whole or in part, by Plaintiff's failure to comply with the procedural prerequisites for a lawsuit, including timely filing of charges of discrimination with regard to some or all of the matters alleged in his Complaint and the receipt of a "right to sue" letter concerning those matters.

### FIFTH AFFIRMATIVE DEFENSE

If and to the extent that Plaintiff has suffered the damages alleged in his Complaint, Plaintiff's own negligence and/or willful misconduct directly and proximately caused or contributed to some or all of the damages claimed.

### SIXTH AFFIRMATIVE DEFENSE

With regard to some or all of the matters alleged in Plaintiff's Complaint, Plaintiff is guilty of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

By his own inequitable conduct and/or consensual conduct with respect to matters alleged in his Complaint, Plaintiff is estopped from asserting some or all of the claims in his Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

If and to the extent that Defendant made any adverse employment decisions with respect to Plaintiff, those decisions fell within the legitimate exercise of business or managerial discretion and therefore cannot provide any basis for recovery of the damages claimed in Plaintiff's Complaint.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exercise reasonable diligence to mitigate his alleged damages and/or injuries. To that extent, Plaintiff may not recover damages from Defendant.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, should be offset by any subsequent earnings or benefits and by any damages caused by Plaintiff to Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

At all times referred to in Plaintiff's Complaint, Defendant did not act wantonly, maliciously, fraudulently or oppressively.

### TWELFTH AFFIRMATIVE DEFENSE

Because of Plaintiff's negligent or improper conduct, acts, and omissions, each of Plaintiff's purported causes of action is barred by the doctrine of waiver.

### THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the failure of Plaintiff to comply with all conditions precedent to the commencement of this action.

### FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the Plaintiff's failure to exhaust administrative remedies.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from alleging in this action matters which are not properly alleged within the scope of charges of discrimination timely filed by Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by FedEx, or to avoid harm otherwise.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of judicial or equitable estoppel, res judicata or claim preclusion.

### EIGHTEENTH AFFIRMATIVE DEFENSE

At all times relevant to this suit FedEx acted with good faith towards Plaintiff and had reasonable grounds for believing that its actions were not in violation of any law.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's purported causes of action are barred, in whole or in part, by the applicable statute of limitations.

Because Plaintiff's Complaint is couched in vague, broad and conclusory terms, FedEx cannot fully anticipate all defenses that may be applicable to the action. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

                                                                 Respectfully submitted,

                                                              /s/ *Edward J. Efkeman*
                                        Edward J. Efkeman, D.C. Bar #479545
                                        FEDERAL EXPRESS CORPORATION
                                        3620 Hacks Cross Road, Bldg. B, 3rd Floor
                                        Memphis, Tennessee  38125
                                        (901) 434-8555    (901) 434-9271 Fax

                                        James E. Fagan III
                                        Trevor S. Blake
                                        VENABLE LLP
                                        575 7th Street, N.W.
                                        Washington, DC  20004
                                        (202) 344-8040    (202) 344-8300 Fax

                                        Attorneys for Defendant


### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Answer was served electronically and via first-class mail, postage prepaid, to
                    Alan Lescht, Esq.
                    1050 17th Street, N.W.
                    Suite 220
                    Washington, DC 20036
                    alescht@mindspring.com

on this 28th day of November, 2007.

                                          /s/ *Edward J. Efkeman*
                                        Edward J. Efkeman